# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

KERMINT WILBERT ALEXANDER,

        Petitioner,

v.                                                                 No. 5:20-cv-519-WFJ-PRL

MARK INCH, SECRETARY,

        Respondent.

_____/

## ORDER DENYING PETITION UNDER 28 U.S.C. §2254

Before the Court is the pro se habeas petition filed by Mr. Alexander under 28 U.S.C. § 2254. The Court has considered the petition, the Secretary's response, and Petitioner's reply. The petition is frivolous and the Court dismisses it. References to the record are cited to the record appendix ("Appx. _") which may all be found at Doc. 17-1. For ease of review, the dispositive Order from the collateral court reviewing judge is attached in the appendix.

**Background and Case History:** Petitioner is serving a 40-year sentence out of Citrus County on a combined guilty plea and consented sentencing bargain in three separate cases. In case number 2017-CF-517, Petitioner was charged by amended information with throwing a deadly object at/into an occupied vehicle, aggravated assault with a deadly weapon, and criminal mischief. (Appx. 1.) In case number 2017-CF-562, Petitioner was charged with two counts of sexual battery (threats of

use of force/violence) and one count of kidnapping. (Appx. 5.) In case number 2017-CF-660, Petitioner was charged with kidnapping with a firearm and sexual battery with a firearm. (Appx. 10.)

Petitioner, with counsel, entered a global plea of nolo contendere in all three cases to all charges as filed. (Appx. 15; Appx. 16.) In exchange, the State agreed that Petitioner's sentence would be capped at forty years. (Appx. 15.) In case number 2017-CF-517, Petitioner was sentenced to thirty years on count I, ten years on count II, and credit for time served on count III. (Appx. 2; Appx. 17.) In case number 2017-CF-562, Petitioner was sentenced to forty years on all three counts. (Appx. 6; Appx. 17.) In case number 2017-CF-660, Petitioner was sentenced to forty years on both counts. (Appx. 11; Appx. 17.)

Several appellate matters to correct sentencing errors occurred. None are relevant here. The State concedes that the present motion under § 2254 is timely. Doc. 17 at 2.

On March 2, 2020, Petitioner filed in state court an Amended Motion for Postconviction Relief under Rule 3.850, relevant here, arguing: (1) no counsel could render effective assistance because the "overbroad evidentiary provisions of the sexual battery statute unconstitutionally skews toward convictions and the penalty instruction rule was invalidated by the Florida Legislature;" (2) the sexual battery

2

statute is unconstitutional; and (3) conflicting Florida procedural rules violate due process. (Appx. 49.) The motion was denied. (Appx. 50.) Petitioner filed a timely notice of appeal in the Fifth DCA. (Appx. 51.) On September 29, 2020, the Fifth DCA per curiam affirmed the summary denial of the amended motion for postconviction relief. (Appx. 54.); *Alexander v. State*, 303 So. 3d 551 (Table) (2020).

Petitioner filed the instant petition on October 20, 2020, raising three grounds: (1) no counsel could give effective assistance given Florida law; (2) the Florida sexual battery statute was unconstitutionally overbroad; and (3) Petitioner's right to a fair trial was "abridged" because he had a right to a penalty instruction. These grounds are frivolous but the Court addresses them below.

**Ground One**: Petitioner states that, given the present state of the law, no counsel can ever give effective assistance of trial. This fact violated his 6th and 14th amendment rights. The reason for this disability, which Petitioner states disables any lawyer, is because of conflicting rules of court and skewing of statutes of conviction. Doc. 1 at 5. Apparently at trial a Florida judicial rule forbids a penalty instruction, but the statutory law requires one. Further, the crime of sexual battery in Florida may be proved without any corroborating evidence of such battery beyond victim testimony. Petitioner contends counsel cannot effectively defend a client if he cannot inform the jury that if they accept the victim's testimony over the

3

accused's, the accused will be subject to a life sentence. *Id.* Petitioner further incoherently states in this Ground that he "pled no contest to obtain a fair trial and properly instruct his jury." *Id.* Petitioner does appear to have exhausted this grounds by presenting it on collateral attack to the state collateral reviewing court. Doc. 1-1 at 4.

The frivolity of Ground One is clear from its first sentence. Petitioner contends that the state of Florida law renders all attorneys unable to perform in a constitutionally effective manner.

Ground One is otherwise are somewhat unclear, but Petitioner appears to argue, as in the other grounds, that the sexual battery statute should require a higher quantity of proof than it does now, and the jury instruction bar on finding penalty is in conflict with Florida statutory law. None of this appertains in any way to Petitioner, who pled pursuant to a favorable plea bargain in which this serial rapist likely avoided a life sentence. And none of it states a federal statutory or constitutional claim.

**Ground Two:** This ground, as now stated, is similar to Ground One. Petitioner states as this ground that the Florida statute proscribing sexual battery is "unconstitutionally overbroad on its face and skews towards convictions in violation of the 6th and 14th amendments." Doc. 1 at 7. The reason for this is it permits prosecution without corroborating evidence - the victim's word can suffice if found

credible by the jury. This "exposes people to malicious manipulations of unscrupulous liars. The recent Justice Brett Cavanaugh [sic] confirmation hearings are a perfect example of why evidence a crime occurred is necessary." Petitioner argues that "[t]he crime of treason requires two witnesses, equal protection should apply to sexual battery." *Id.*

Respondent contends that Ground Two is unexhausted, Doc. 17 at 5, and was only couched as state due process matter in the state habeas proceedings. The Court has looked at that petition in the state proceeding and concludes that it is a close call, but the better view is to deem this issue exhausted.

On the merits, Ground Two is frivolous. There is no federal or U.S. Constitutional principle which bars convicting someone for the Florida crime of sexual battery (Fla. Stats. §794.022(1)) based upon the testimony of one witness. That is a jury matter. This ground needs no further discussion.

**Ground Three:** Ground Three, found at Doc. 1 at 8, is a bit hard to decipher and seems to repeat Ground One. Petitioner appears to be saying that the 6th amendment right to trial is abridged because a Florida statute requires that the jury be informed of a crime's potential penalty. Petitioner states that the Florida Supreme Court adopted this instruction but then "amended their rule to contradict the law. This is unconstitutionally in violation of separation of powers….The denial of this

5

protective procedure requires examination for possible 6th and 14th amendment abridgement concerns through a constitutionally based legal analysis." Doc. 1 at 8.

Read fairly, Petitioner complains about the right to a Florida jury instruction in a sexual battery case, related to the jury making a finding as to sentence or penalty. But Petitioner pled guilty and a jury instruction was never part of his case. He waived a jury and admitted his guilt in a plea bargain.

There may be somewhat of a conflict in Florida law on this point. *Compare* Fla. Stat. §918.10(1) (the jury charge "must include the penalty for the offense for which the accused is being charged") *with* Fla. R. Crim P. 3.390 (judge shall not instruct the jury on the sentence except in capital cases). How the State may interpret its own laws is of no interest to the federal habeas court. This is especially the case here, where there was no jury, no instructions, and Petitioner pled to several life felonies pursuant to a bargain for a cap of years.

The state collateral court issued a measured Order, which is not based on unreasonable determinations of fact or law. 28 U.S.C. § 2254(d)(2); *See* Appendix. The Petition is dismissed.

The frivolous petition, which asserts no real contested issues of fact, requires no evidentiary hearing. Because the petition is devoid of merit, the Court does not provide a certificate of appealability. No colorable claim of violation of any right is

shown by the petition. Accordingly, the Court denies leave to proceed further *in forma pauperis.* The Clerk will close this file.

        **DONE AND ORDERED** at Tampa, Florida, on April 12, 2023.

                              */s/ William F. Jung*
                              **WILLIAM F. JUNG**
                              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, Pro Se